United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Marvin Marrett, Petitioner | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-60680-Scola |
| | ) |
| Sec'y, Fla. Dep't of Corr., | ) |
| Respondent. | |

**<u>Order</u>**

Before the Court is *pro se* Petitioner Marvin Marrett's petition under 28 U.S.C. § 2254 (ECF No. 1). The petition alleges four claims of ineffective assistance of counsel. (*See generally id.*). Respondent filed a response (ECF No. 8), with an appendix including attached exhibits 1–24 (ECF No. 9-1), the trial transcripts (ECF No. 10-1), and the sentencing transcripts (ECF No. 10-2). Marrett thereafter filed a reply (ECF No. 11). The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the reasons explained below, the petition is denied.

**1. Background**

On October 1, 2015, Marrett was convicted by a jury in Case No. 12-15648CF10A, Seventeenth Judicial Circuit of Florida, in and for Broward County, for first-degree attempted murder and shooting into an occupied vehicle. (*See* Verdict, ECF No. 9-1 at 60).[1] The charges stemmed from an argument between Marrett and his girlfriend. (*See* Trial Transcripts ECF No. 10-1 at 376:2–10). At trial, a witness testified to seeing Marrett's girlfriend "spit on him." (*Id.* at 376:16). Marrett then went inside their home, retrieved a firearm, and shot his girlfriend three times as she attempted to flee in her vehicle. (*See id.* at 376:16–25, 377:1–15). Marrett was adjudicated guilty and sentenced to a 40-year mandatory minimum prison term on count one, followed by ten years in prison on count two. (*See* Judgment, ECF No. 9-1 at 64–72).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

On appeal, the Fourth District *per curiam* affirmed Marrett's conviction without a written opinion. *See Marrett v. State*, 229 So. 3d 352 (Fla. 4th DCA 2016). Mandate issued on January 13, 2017 (*see* ECF No. 9-1 at 106), and Marrett did not seek certiorari review with the U.S. Supreme Court.

On March 10, 2017, Marrett filed a *pro se* Fla. R. Crim. P. 3.800(a) motion to correct illegal sentence, alleging three claims: 1) his sentence was illegal based on scoresheet error; 2) his sentence was illegal because he could not receive consecutive sentences for two convictions arising out of a single criminal episode; and 3) his sentence on count one was illegal as it exceeded the maximum punishment allowed by law. (*See* Rule 3.800 Mot., *id.* at 111–15). The postconviction court denied the Rule 3.800 motion on June 20, 2017 (*see* Order Den. Rule 3.800 Mot., *id.* at 163), and Marrett did not appeal (*see id.* at 814–17).

On May 15, 2017, Petitioner filed a Fla. R. Crim. P. 3.850 motion for postconviction relief, alleging six claims for relief: 1) ineffective assistance of trial counsel for advising Petitioner not to testify thereby making his in-court waiver of his right to testify involuntary;  2) ineffective assistance of trial counsel for failing to a) present evidence to support the "heat of passion" defense and b) subject the State's case to the "proper level of adversarial testing"; 3) ineffective assistance of trial counsel for failing to file a motion to suppress/object to admission of certain clothing items without a proper chain of custody; 4) ineffective assistance of trial counsel for failing to remove juror Crooks; 5) ineffective assistance of trial counsel for prematurely ending plea negotiations prior to trial; and 6) cumulative error based on the conduct of trial counsel and the trial court, as set forth in grounds 1–5. (*See* Rule 3.850 Mot., *id.* at 179). On June 18, 2021, the postconviction court denied Marrett's Rule 3.850 Motion. (*See* Order Den. Rule 3.850 Mot., *id.* at 791). Marrett appealed, and on February 24, 2022, the Fourth Circuit *per curiam* affirmed. *See Marrett v. State*, 334 So. 3d 622 (Fla. Dist. Ct. App. 2022).

**2. Legal Standard**

**Deference Under § 2254**

A court's review of a state prisoner's federal habeas corpus petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Abdul–Kabir v. Quarterman*, 550 U.S. 233, 246 (2007). AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . , and demands that state-court decisions be given the benefit of the doubt[.]" *Renico v. Lett*, 559 U.S. 766, 773 (2010). "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Ledford v. Warden, Ga. Diagnostic & Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016). This standard is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014).

According to AEDPA, a federal court may not grant a habeas petitioner relief on any claim adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1053 (11th Cir. 2017) (citing 28 U.S.C. § 2254(d)).

A state court decision is "contrary to" established Supreme Court precedent when it (1) applies a rule that contradicts the governing law set forth by the Supreme Court; or (2) confronts a set of facts materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of clearly established federal law is different from an incorrect application of federal law. *Id.* at 410. Consequently, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If the last state

court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Even summary rejection of a claim, without explanation, qualifies as an adjudication on the merits, warranting deference. *See Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019). If the state court's merits determination is unaccompanied by an explanation, federal courts should "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192. Furthermore, a decision is still an adjudication on the merits when it "addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).

### Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland,* the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a

reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues, *see Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); nor is counsel required to present every non-frivolous argument, *see Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

### 3. Timeliness, Exhaustion/Procedural Default

Respondent concedes, and the Court confirms, that the petition was timely filed. (*See* Resp at 8, ECF No. 8). Respondent further concedes that Grounds One, Three, and Four are exhausted, but asserts that Ground Two "was not exhausted in state court." (*Id.* at 12).

The Court has the authority to "skip over the procedural default analysis" for a state prisoner's federal claim if it is easier to deny those claims on the merits. *Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal

court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Here, it is easier to deny Ground Two on the merits and so the Court will "skip over the procedural default analysis." *Dallas*, 964 F.3d at 1307.

### 4. Discussion

### Ground One

Marrett argues that counsel was ineffective for advising him not to testify because his testimony was essential to establishing a "heat of passion" defense. (Pet. at 5, ECF No. 1). He states that his testimony would have "contradicted the inconsistent testimony of the State's key witnesses" and counsel's "unreasonable advice" caused him to be wrongly convicted. (*Id.*). Marrett raised this same claim in his Rule 3.850 motion. (*See* ECF No. 9-1 at 179). The postconviction court summarily denied relief. (*See* Order Den. Rule 3.850 Mot., *id.* at 791). Marrett appealed, and the Fourth Circuit *per curiam* affirmed. *See Marrett v. State*, 334 So. 3d 622 (Fla. Dist. Ct. App. 2022). Thus, this claim must be addressed applying the deferential standard for federal court review of state court adjudications, as required by 28 U.S.C §2254(d).

Applying that standard, Marrett is not entitled to relief. First, Marrett does not proffer the testimony he would have given to constitute adequate legal provocation to support the "heat of passion" instruction. His assertion is purely speculative and conclusory. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim and do not warrant an evidentiary hearing). Through his conclusory assertions, Marrett fails to show a reasonable probability that the outcome would have been different had he testified at trial. *See Strickland*, 466 U.S. at 694. As such, Ground One is due to be denied under the prejudice prong of Strickland. *See id.* at 697.

Marrett's claim is also refuted by the record. In a colloquy during the trial, Marrett affirmed under oath his decision not to testify:

> THE COURT: So Mr. Marrett, we're at the stage of the case where the State has rested and where the defense could put on a case. Remember, the defendant is not required to prove anything. However, it is your choice whether you want to testify or remain silent. Now almost all decisions in a criminal case are made by the criminal defense lawyer. There is consultation with the client. But it's really the lawyer's call on most decisions. **This decision on whether you testify or remain silent is completely yours**. Mr. Lewis can give you advice like I know he has and will. But he can't tell you what to do. He can only advise you. **It's your choice whether you want to testify or not.** Have you had enough time to think about that?
>
> [Marrett]: Yes, Your Honor.
>
> THE COURT: Have you had time to talk to Mr. Lewis about it?
>
> [Marrett]: Yes.
>
> THE COURT: Okay. What is your choice? What would you like do?
>
> [Marrett]: I would like to proceed with what me and Mr. Lewis talked about.
>
> THE COURT: Okay. And what you're specifically saying is that by proceeding with what you and Mr. Lewis talked about, that is **you would like to remain silent?**
>
> [Marrett]: **Yes, Your Honor**.

(ECF No. 10-1 at 621:7–25, 622:1–11) (emphasis added). A defendant's sworn representations "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* Furthermore, the record shows that Marrett was present when his counsel argued for the "heat of passion" instruction. (ECF No. 10-1 at 510:15–19). He was therefore aware that

the trial court initially reserved ruling to see how the evidence developed and would decide the issue at the close of all the evidence. (*See id.* 526:2–20). At the close of the State's case, Marrett spoke with his counsel, indicated that he had sufficient time to speak with his counsel, and made the decision to remain silent. (*See id.* at 621:7–25, 622:1–11).

In other words, Marrett's decision to remain silent was made knowing the status of the evidence, what was required for the instruction, and what had been presented at that point in the trial. In sum, Marrett's allegations in Ground One are speculative, conclusory, and belied by the record. Having reviewed the record in full, the Court finds nothing unreasonable with the trial court's rejection of ineffective assistance in Ground One. *Wilson*, 138 S. Ct. at 1192 (requiring a federal court sitting in habeas to defer to "reasonable" reasons given by the state court in rejecting a claim for relief). Ground One is thus denied under the prejudice and performance prongs of *Strickland*.

### Ground Two

Marrett argues that his counsel was ineffective for failing to challenge the trial court's ruling on the heat of passion instruction. (*See* ECF No. 1 at 26). His claim is again refuted by the record.

Marrett's counsel argued to the trial court that there was "adequate evidence in the record" to give the instruction and asserted belief that "it would be reversible error not to give [the requested instruction.]" (ECF No. 10-1 at 525:17–19). The record shows that Marrett's counsel repeatedly argued for the "heat of passion" instruction set forth in Florida's Standard Jury Instruction 6.2. (*See* ECF No. 10-1 at 510:14–25, 511:1–25, 512:1–18, 520:14–20, 524:9–25, 525:1–19, 627:14–24). The State opposed and the trial court denied the requested instruction based on the evidence and applicable law. (*See id.* at 628:7–17). Marrett's counsel preserved, and later argued, the issue on appeal.

Counsel cannot be deemed ineffective for failing to act when, in fact, he did act. *See Stephens v. McNeil*, 2011 WL 939808, at *16 (M.D. Fla. Mar. 17, 2011) ("[C]ounsel cannot be deemed ineffective for failing to object when, in fact,

he did object."). Marrett therefore fails to establish deficient performance. *See Strickland* 466 U.S. at 697. Accordingly, Ground Two is denied.

**Ground Three**

Marrett argues that his counsel was ineffective "for failing to pursue plea negotiations" as there was a "reasonable probability" that a 35-year offer would have been extended and accepted. (ECF No. 1 at 28). Again, his claim is refuted by the record.

Marrett's offer of 25-years was rejected by the prosecutor. (*See* ECF No. 10-1 at 3:19–25, 4:1–2). The prosecutor stated that he told Marrett's counsel "if his client wanted to offer 35, I would discuss it with the victim. But that never came. So there has been no official offer." (*Id.* at 4:2–5). The record indicates that Marrett decided to proceed to trial instead of pursuing a 35-year offer; and, in any event, "there is no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see also United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987) ("The government was under no obligation to enter into any plea bargaining or to accept any deal offered by Palmer."). Marrett's counsel could not communicate an offer that did not exist, nor could he force the State, or his client, to plea bargain. Marrett fails to show deficient performance. *See Strickland* 466 U.S. at 697. Accordingly, Ground Three is denied.

**Ground Four**

Marrett argues that his counsel was ineffective for failing to put the State's case to a proper adversarial test. (*See* ECF No. 1 at 10). Specifically, he states that counsel failed to introduce any evidence to substantiate the only viable defense of "heat of passion." (*Id.*). Marrett raised these same claims in Ground 2 of his Rule 3.850 motion. As previously discussed, the postconviction court denied relief, Marrett appealed, and the Fourth District affirmed.

Here, yet again, Marrett's claims are refuted by the record. As discussed above in Ground Two, Marrett's counsel argued for the "heat of passion" instruction set forth in Florida's Standard Jury Instruction 6.2. The request was

denied by the trial court, and counsel preserved, and later argued, the issue on appeal. That said, counsel was permitted to argue the "heat of passion" instruction contained in Florida Standard Jury Instruction 6.1. In closing argument, Marrett's counsel told the jury that "if you have a reasonable doubt as to whether or not his conduct occurred in the heat of passion upon sudden and sufficient provocation, then the Judge is going to tell you that you need to find [Marrett] not guilty." (ECF No. 10-1 at 674:4–9). Counsel proceeded to tell the jury that:

> [Y]ou have to look at all the circumstances together here. Three impaired people drinking, using marijuana, coming back from a strip club arguing over something that is probably made up that didn't even happen at 3:00 o'clock in the morning to the point they're insulting him every which way, verbally. Physically, she is trying to jump on him and hit him to the point that the sister gets involved. And then she does one of the most vial things you can do to another person. You spit on them. That is so vial.

(*Id.* at 674:14–25). Although the jury found Marrett guilty as charged, his counsel was not ineffective. Having reviewed the record in full, the Court finds nothing unreasonable with the trial court's rejection of ineffective assistance. *Wilson*, 138 S. Ct. at 1192. Marrett fails to show that "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings*, 588 F.3d at 1356. To the contrary, his claims of ineffective assistance are belied by the record. Thus, Marrett fails to establish deficient performance and Ground Four is denied.

**Evidentiary Hearing**

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes Marrett's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [Marrett's]

claim[s] without further factual development[,]"he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Marrett makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Marrett does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 5. Conclusion

For the foregoing reasons, Marrett's petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **denied**. A certificate of appealability is **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Marrett is not entitled to appeal *in forma pauperis*. The Clerk is **directed** to close the case.

**Done and ordered**, in chambers, in Miami, Florida, on December 19, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Marvin Marrett
I48651
Santa Rosa Correctional Institution Annex
Inmate Mail/Parcels
5850 East Milton Road
Milton, FL 32583
PRO SE